UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BOARD OF TRUSTEES OF THE SAN DIEGO UNITE-HERE HEALTH FUND,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO CABRERA and CHERYL STRONG,<br><br>Defendants | Case No.: 09 CV 2236 MMA MDD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 21] |
|---|---|

This matter is now before the Court on Defendant Francisco Cabrera's Motion for Default Judgment [Doc. No. 21].[1] For the following reasons, the Court **GRANTS** the motion.

///

---

1. Defendant Cabrera requests the Court expedite its consideration of his motion because the only remaining party is defaulted Defendant Cheryl Strong. Default was entered against Defendant Strong per this Court's order dated May 17 , 2011 [Doc. No. 20]. She has never appeared in this action, and thus is not entitled to the notice provided by the Court's Twenty-Eight (28) Day Rule for motion practice. *See* Civ. L.R. 7.1(e). Thus, upon due consideration, the Court grants Defendant Cabrera's request, vacates the previously scheduled July 11, 2011 motion hearing, and shall consider the merits of his motion at this time. *See Wilson v. Moore and Assoc., Inc.*, 564 F.2d 366, 368 (9th Cir. 1997) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared in the action.'") (citing Wright and Miller, Federal Practice and Procedure § 2868).

## Discussion

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, a party who obtains an entry of default is not entitled to default judgment as a matter of right. *See Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the moving party, (2) the merits of the moving party's substantive claim, (3) the sufficiency of the moving part's claims, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Warner Bros.*, 346 F. Supp. 2d at 1071-72 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Defendant Cabrera has properly litigated his claim and he will be prejudiced if the entry of judgment is delayed. The Court also finds that Defendant Cabrera's Answer sufficiently alleges substantive claims which concern a significant amount of money. Further, in light of the fact that Defendant Strong has not appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to her excusable neglect. This Court therefore finds that factors (1) through (6) weigh in

favor of granting Cabrera's motion. The only factor that weighs against granting the motion is the strong policy favoring decisions on the merits. Having considered all of the relevant factors, this Court determines that default judgment in favor of Defendant Cabrera is warranted.

## Conclusion and Order

Having considered the Declaration of Defendant Francisco Cabrera, and the papers on file in support of Defendant Francisco Cabrera's motion for entry of default judgment against defendant Cheryl Strong:

**IT IS HEREBY ORDERED THAT**:

(1) Default Judgment is entered against Cheryl Strong, and in favor of Francisco Cabrera. The Court finds that Francisco Cabrera is entitled to all proceeds of the life insurance policy pertaining to decedent William N. Engas in this action, and on deposit with this Court in this action.

(2) On or about January 18, 2011 Plaintiff deposited with the Clerk of the Court the sum of **$17,620.50**, per this Court's order dated January 18, 2011 [Doc. No. 12]. The Clerk of the Court shall disburse all funds held on deposit in this action, including all interest, to Defendant Francisco Cabrera. The draft issued by the Clerk of the Court is to be payable to Francisco Cabrera and Steven Williams APC, Cabrera's attorney of record, and mailed to the office of Steven Williams APC at 550 West C Street Suite 1160, San Diego, California 92101.

(3) The Clerk of Court shall enter final judgment accordingly and terminate this case.

**IT IS SO ORDERED**.

DATED: May 31, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge